**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-62250-BLOOM/Valle**

SAMUEL DALEMBERT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
DEPARTMENT OF HOMELAND SECURITY,

    Defendants.
_____/

# **ORDER**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss the Complaint and Response to Order on Default Procedures, ECF No. [23] ("Motion"), filed on February 25, 2010. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

Defendants have filed a Motion to Dismiss alleging that Plaintiff has failed to state a claim as he has already received the relief requested or, in the alternative, the relief is unavailable to him. Plaintiff's response to the Motion was originally due on March 10, 2020. Plaintiff failed to file a response by that deadline, and the Court ordered him to file a response to the Motion no later than March 18, 2020. *See* ECF No. [24]. The Court advised Plaintiff that, pursuant to Local Rule 7.1(c), failure to respond to the Motion "may be deemed sufficient cause to grant the Motion by default." *Id*. To date, the record reflects that Plaintiff has neither filed an opposition by the extended deadline nor requested an extension of time by which to do so. Plaintiff's failure to respond to the Motion alone is sufficient basis to grant the Motion. The Court has nonetheless reviewed the Motion's

merits and finds that there is good cause to dismiss the instant action.

Plaintiff filed his Complaint on September 9, 2019. ECF No. [1]. He alleged that he is the registered owner of a 2006 Sea Ray 480 Sundancer Vessel with Inventory ("Vessel") that was seized in October 2017 by U.S. Customs and Border Patrol ("CBP") for an alleged violation of 8 U.S.C. § 1324(a)(1)(A)(i). *See id.* at ¶ 5. Plaintiff maintains that he was not present on the Vessel at the time of seizure, and the Vessel's operators, Manuel Periu and Kristel Mills, led him to believe that they were operating the Vessel for recreational cruises to and from the Bahamas. *See id.* at ¶¶ 6-8. He alleges that he was unaware that the Vessel was being used for any illegal activity or purpose and that Mr. Periu and Ms. Mills have denied his involvement in and/or knowledge of any illegal activity relating to the Vessel. *See id.* at ¶¶ 9-10.

He contests the Vessel's forfeiture on the basis that he is an "innocent owner" under 18 U.S.C. § 983(d) that had no knowledge of or participation in the illegal activity involving the Vessel, and that CBP has failed to establish a connection between Plaintiff and any illegal activity regarding the Vessel. *See id.* at ¶¶ 18-26. The Complaint, therefore, asserts a single count that requests CBP (1) "promptly file a complaint for forfeiture establishing, by preponderance of the evidence, that the Vessel is subject to forfeiture," and (2) return the Vessel to Plaintiff pending the filing of any complaint. *See id.* at ¶¶ 27-28.

Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., because the Complaint "seeks relief that Plaintiff has either already received, or that is unavailable to him when the United States seizes property pursuant to civil forfeiture like in this case." ECF No. [23] at 1. Regarding the first argument, Defendants represent that on August 14, 2019, Plaintiff requested CBP to refer his claim to the U.S. Attorney's Office for the Southern District of Florida so that it can determine whether the matter warrants initiation of a civil forfeiture action for the Vessel under 18 U.S.C. § 983(a)(3)(A) ("*In Rem* Matter"). *Id.* at 2. Defendants further state that

they and Plaintiff have "agreed several times to extend the deadline in which the United States may file a complaint *in rem* for forfeiture of the Vessel, the most recent agreement resulting in the Court (Valle, J.) setting a filing deadline of March 20, 2020." *Id.* at 3 (citing Case No. 19-MC-62825-VALLE, ECF No. [12]). Regarding the second argument, Defendants contend that Plaintiff is not entitled to return of the seized property under Fed. R. Crim. P. 41(g) in a civil forfeiture setting.

The Motion, accordingly, is ripe for consideration.

## II.  LEGAL STANDARDS

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the

factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Defendants' arguments for dismissal are two-fold. First, Plaintiff's request for Defendants to "promptly file a complaint for forfeiture" is moot given the *In Rem* Matter. Second, Plaintiff is not entitled to have the Vessel returned to him in this matter because none of the exceptions to Rule 41(g), Fed. R. Crim. P., apply in this case. Upon review and consideration, the Court agrees.

First, the Court acknowledges that the parties have jointly moved several times for an extension of time in the *In Rem* Matter for Defendants to file a civil forfeiture complaint on the basis that additional time "would be beneficial to the parties as it permits the parties additional time in which to discuss resolution of the matter, to include release of the Vessel, without the need for judicial action," *see* ECF Nos. [13] at 3 and [17] at 3, and that additional time is needed to coordinate an inspection of the Vessel. *See In Rem* Matter at ECF No. [11] at 3-4. Judge Valle has ordered Defendants to file their forfeiture complaint by March 20, 2020. *See id.* at ECF No. [12]. Therefore, the Court agrees that Plaintiff's request for an order requiring Defendants to "promptly" file a complaint is moot. Judge Valle has been actively handling the *In Rem* Matter and has

4

extended the filing deadline in conformity with the parties' agreements and unopposed requests. The Court, accordingly, is unconvinced that Plaintiff cannot obtain relief in the *In Rem* Matter in a timely fashion.

Second, Plaintiff has provided no legal basis to support his second form of requested relief—that CBP return the Vessel to him pending the filing of any complaint in the *In Rem* Matter. Federal Rule of Criminal Procedure 41(g) provides that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

*Id*. Rule 41(g), however, does not apply when the government seizes property pursuant to civil forfeiture, such as in the instant case. *See United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999).

There are "two narrow circumstances" under which a district court can exercise jurisdiction over a civil forfeiture proceeding under this rule. First, when the agency refuses to consider a request that it exercise its discretion, and second, "under limited circumstances" a court may exercise its "equitable jurisdiction over agency forfeiture decisions," which is "highly discretionary and must be exercised with caution and restraint." *Id*. "In other words, jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Id*. Such jurisdiction "is only appropriate in exceptional cases where equity demands intervention." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (citation omitted). The Court, moreover, "is guided by several considerations in deciding whether to exercise equitable jurisdiction: '(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an

individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law.'" *Id.* (citation omitted).

Here, neither of the two exceptional circumstances are present. As to the first exception, the Complaint does not allege, nor does the record support a finding, that Defendants refused to consider a request by Plaintiff that they exercise their discretion not to forfeit the Vessel. The Complaint expressly alleges that Plaintiff exhausted all of his administrative remedies in seeking the return of the Vessel, and that Defendants considered but denied Plaintiff's Petition and Supplemental Petition seeking administrative relief and the return of Plaintiff's Vessel. *See* ECF No. [1] at ¶¶ 11-16.[1] That exception, therefore, does not apply.

As to the second exception, the Complaint's allegations do not show that the merits of Plaintiff's claim require judicial review to prevent manifest injustice. Plaintiff does not allege that Defendants seized the Vessel in callous disregard for his constitutional rights nor that he would suffer irreparable injury if the Vessel was not returned to him during the pendency of the *In Rem* Matter. Further, Plaintiff has not alleged that he lacks an adequate remedy at law for the return of the Vessel, and the record does not support such a conclusion. The *In Rem* Matter provides a proper forum for Plaintiff to seek the return of the Vessel. Therefore, the second exception, which should be applied only in limited circumstances and with caution and restraint, does not apply.

---

[1] Defendants denied the Petition on the basis that Plaintiff (i) "failed to prove that he did not know about the illegal purpose of the trips," (ii) a "property owner's mere assertion of a lack of knowledge is insufficient to establish that the property owner is an innocent owner," (iii) a "property owner may not 'turn a blind eye' toward [circumstantial] evidence and still claim 'innocent owner' status," and (iv) "Mr. Dalembert has not provided sufficient evidence to establish that he took necessary precautions before allowing Mr. Periu to have control of the [V]essel." *See* ECF No. [1-2].

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [23]**, is **GRANTED by default**.

2. The above-styled action is **DISMISSED**.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record